UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **JJ&J ENTERPRISES, LLC** | * | CIVIL ACTION NO. _____ |
| *Plaintiff* | * | |
| | * | JUDGE_____ |
| **VERSUS** | * | |
| | * | |
| **SOUTHERN FIDELITY INSURANCE** | * | MAGISTRATE_____ |
| **COMPANY** | * | |
| *Defendant* | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## COMPLAINT

NOW INTO COURT, through undersigned counsel comes JJ&J ENTERPISES, LLC (hereinafter referred to as "Plaintiff" or "JJ&J"), who files this Complaint for Damages against Defendant, SOUTHERN FIDELITY INSURANCE COMPANY, respectfully averring as follows:

### I. PARTIES

1.

Plaintiff is JJ&J ENTERPRISES, LLC, a Louisiana limited liability company registered and doing business in the Parish of St. Tammany, State of Louisiana.

2.

Made Defendant is SOUTHERN FIDELITY INSURANCE COMPANY (hereinafter referred to as "Defendant" or "SFIC"), a foreign insurance corporation domiciled in the State of Florida with its principal place of business in Tallahassee, Florida, authorized to do and doing business in the State of Louisiana, which may be served through its registered agent for service of process, Hon. R. Kyle Ardoin, Secretary of State of Louisiana, Post Office Box 94125, Baton Rouge, Louisiana, 70804-9125.

## II. JURISDICTION AND VENUE

3.

Jurisdiction is proper in this Court pursuant to 28 U.S.C. §1332 and §1441 because complete diversity of citizenship exists between the parties and because the amount in controversy is greater than the minimum jurisdictional amount.

4.

Pursuant to 28 U.S.C. §1391(b), venue is proper in the Eastern District of Louisiana because the property that is the subject of this action and where the damages were sustained is located within the Eastern District of Louisiana.

## III. RELEVANT FACTS

5.

At all times relevant hereto, JJ&J owns the property located at 1512 Piety Street, New Orleans, Louisiana, 70117 (the "Property").

6.

At all times relevant hereto, SFIC provided a policy of insurance, number LVD102546701 (the "Policy"), to Plaintiff covering the Property against perils including hurricanes, and provided the following types of coverage commonly known as Dwelling, Other Structures, Contents/Personal Property, and Additional Living Expenses, Loss of Use.

### A. Hurricane Ida

7.

On or about August 29, 2021, Hurricane Ida caused significant damages to the Plaintiff's Property.

8.

Plaintiff promptly reported the loss to SFIC, who assigned claim number 170100044164 (the "Ida Claim".)

9.

As soon as practicable, Plaintiff took steps to mitigate the damages to the Property at its expense to the best of its ability under the circumstances.

10.

An adjuster acting on behalf of SFIC inspected the property and documented damages to the dwelling and other structures of the Property. The adjuster was given full access to the Property and the inspection was not limited by the Plaintiff in any way.

11.

The inspection of the Property on behalf of SFIC constituted satisfactory proof of loss as that term is used in conjunction with Louisiana's bad faith statutes, LA-R.S. §22:1892 and §22:1973.

12.

The inspection of the property was inadequate and did not accurately account for the full extent of the damages to the Property. Payments were issued to the Plaintiff based upon the inadequate inspection.

13.

Plaintiff was unable to make meaningful repairs to the Property with the insufficient proceeds allowed by SFIC.

**B. Proofs of Loss**

14.

A building damage consultant inspected the Property on behalf of, and at the extra expense of, the Plaintiff and created an estimate of damages that documented significantly more damages to the dwelling and other structures than the original estimate prepared on behalf of SFIC, all of which was as a result of the insurer's decision to inadequately adjust the claim.

15.

Multiple demands for the release of unconditional tenders were sent to SFIC demonstrating the true loss.

16.

Multiple demands, including but not limited to, those described above, a list of expenses incurred, and a list of damaged Contents all constituted satisfactory proofs of loss as that term is used in conjunction with Louisiana's bad faith statutes, LA-R.S. §22:1982 and §22:1973.

17.

To date, and despite being provided with satisfactory proofs of loss, SFIC has chosen to underpay the claim. Defendant is therefore in violation of LA-R.S. §22:1892 and §22:1973.

18.

SFIC failed to explain its denial or refusal to unconditionally tender the undisputed amount owed to Plaintiff.

19.

SFIC failed to investigate or document the reasons for its denial or refusal to unconditionally tender the undisputed amount owed to Plaintiff.

20.

As a result of SFIC's failure to timely and adequately compensate Plaintiff for its substantial losses, the Property remains in a state of disrepair.

21.

The failure of SFIC, as Plaintiff's insurer, to make an adequate and timely payment for damages sustained, despite being provided with satisfactory proof of loss, is arbitrary and capricious given Plaintiff's extensive damages, thereby rendering SFIC in bad faith for failure to deal fairly with its insured, and consequently liable to Plaintiff for all damages under the law for property damages sustained by Plaintiff due to Hurricane Ida, as well as penalties and attorney's fees pursuant to LA-R.S. §22:1973.

22.

Upon information and belief, SFIC misrepresented to Plaintiff the terms and conditions of the policy.

23.

Upon information and belief, SFIC conducted the investigation and claims handling for Plaintiff's claims in bad faith as that term is used in conjunction with Louisiana's bad faith statutes, LA-R.S. §22:1892 and §22:1973.

24.

Upon information and belief, SFIC manipulated its pricing software to artificially suppress the cost of repairs below market value.

25.

Upon information and belief, SFIC purposely or negligently failed to include adequate overhead and profit in its estimates of damages.

26.

Plaintiff has incurred or will incur additional expenses in restoring the Property as a result of SFIC's failure to timely compensate it for the substantial and covered losses.

## IV. CAUSES OF ACTION

### A. Breach of the Insurance Contract

27.

Plaintiff re-alleges and re-avers the allegations contained in paragraphs 1-26, above, as if restated herein.

28.

An insurance contract, the Policy, exists between JJ&J and SFIC.

29.

The Policy provides coverage for perils including hurricanes.

30.

Despite having received satisfactory proofs of loss for damages caused by Hurricane Ida, SFIC failed to timely tender adequate insurance proceeds as required by the Policy.

31.

SFIC breached the policy when it failed to timely tender adequate insurance proceeds after having received satisfactory proofs of a covered loss by way of the inspection completed by the adjuster on behalf of SFIC.

32.

SFIC breached the policy when it failed to timely tender adequate insurance proceeds after having received satisfactory proofs of a covered loss by way of the multiple demands submitted on behalf of Plaintiff.

33.

By misrepresenting the terms and conditions of the Policy, SFIC breached the Policy.

34.

By failing to conduct the claims handling for Plaintiff's claims in good faith and with fair dealing, SFIC breached the Policy.

35.

By manipulating its pricing software to artificially suppress the cost of repairs below market value, SFIC breached the Policy.

36.

By failing to include adequate overhead and profit in its estimates of damages, SFIC breached the Policy.

37.

Plaintiff has suffered and continues to suffer damages as a result of these breaches of the Policy.

**B. Bad Faith**

38.

Plaintiff re-alleges and re-avers the allegations contained in Paragraphs 1-37 above as if restated herein.

39.

The actions and/or inactions of SFIC in failing to timely and adequately compensate Plaintiff for the covered losses under the Policy were arbitrary, capricious, and without probable cause, as those terms are used in conjunction with Louisiana's bad faith statutes, LA-R.S. §22:1892 and §22:1973, making SFIC liable for statutory bad faith penalties.

40.

Under LA-R.S. §22:1973, an insurer owes a duty of good faith and fair dealing to its insured and has an affirmative duty to adjust claims fairly and promptly. Failing to pay a claim in a manner arbitrary, capricious or without probable cause is in violation of LA-R.S. §22:1973.

41.

"[F]ailing to pay the amount of any claim due any person insured by the contract within sixty days after receipt of satisfactory proof of loss from the claimant when such failure is arbitrary, capricious, or without probable cause" is considered "bad faith" and is in violation of LA-R.S. §22:1973.

42.

LA-R.S. §22:1892 imposes bad faith penalties on insurers who fail to adequately pay claims following satisfactory proof of loss within thirty (30) days.

43.

SFIC is in violation of LA-R.S. §22:1973 and §22:1892 for failing to provide Plaintiff adequate payment in connection with his claim despite having received satisfactory proofs of loss following its own inspection of the Property and following its receipt of independent proofs of loss from Plaintiff.

44.

SFIC's misrepresentation of the relevant facts and/or terms of the Policy was in bad faith.

45.

SFIC's failure to pay timely for damages it knew, or should have known, existed at the time of the initial adjustment of the relevant claims was in bad faith.

46.

SFIC's failure to pay timely for damages it knew or should have known existed at the time it received the independent proofs of loss from Plaintiff was in bad faith.

47.

SFIC's manipulation of its pricing software to artificially suppress the cost of repairs below market value was in bad faith.

48.

SFIC's failure to include adequate overhead and profit in its estimates of damages was in bad faith.

49.

SFIC's handling of Plaintiff's claims was in bad faith.

V. **DAMAGES**

50.

Plaintiff re-alleges and re-avers the allegations contained in Paragraphs 1-49 above as if restated herein.

51.

As a result of SFIC's breaches of contract, bad faith claims adjusting, and other bad acts, Plaintiff has incurred the following, non-exclusive damages:

    a.    Diminution in value of the Property;

    b.    Actual repair costs;

    c.    Reimbursement for personal repairs at the Property;

    d.    Actual costs related to personal property manipulation, cleaning, repair, and/or replacement;

    e.    Damages to personal property/contents;

f.  Loss of use expenses/loss of rental income;

g.  Penalties delineated in LA-R.S. §22:1892 and §22:1973; and

h.  Attorney's fees, other professional fees, and litigation costs associated with the bringing of this action.

**WHEREFORE**, Plaintiff, JJ&J ENTERPRISES, LLC, prays that Defendant, SOUTHERN FIDELITY INSURANCE COMPANY be served with a copy of this Complaint and be duly cited to appear and answer the allegations contained therein, and that after expiration of all legal delays and proper legal proceedings, there be a judgment entered in favor of Plaintiff and against Defendant in an amount that will fully and fairly compensate Plaintiff pursuant to the evidence and in accordance with the law, all sums with legal interest thereon, from the date of judicial demand until fully paid, for all costs of these proceedings, and for all general and equitable relief.

PLAINTIFF FURTHER PRAYS for all orders and decrees necessary in the premises, and for full, general and equitable relief.

Respectfully submitted by:

_____
Willard O. Lape, III (Trey)
LA Bar Roll No. 31494
1966 N. Highway 190, Suite B
Covington, LA 70433
Telephone: (985) 246-7933
Email: trey@lapelawfirm.com
*Attorney for JJ&J Enterprises, LLC*

PLEASE SERVE SUMMONS AND COMPLAINT:

SOUTHERN FIDELITY INSURANCE COMPANY
Through its agent for service of process:
Hon. R. Kyle Ardoin
Secretary of State of Louisiana
Post Office Box 94125
Baton Rouge, Louisiana 70804-9125